**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:25-cv-21242**

R.W.,

        Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",

        Defendants.

**PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO PROCEED UNDER
PSEUDONYM TEMPORARILY AND INCORPORATED MEMORANDUM OF LAW**

**Table of Contents**

I.   INTRODUCTION ................................................................................................ 1

II.  EXCEPTIONAL CIRCUMSTANCES ............................................................ 1

   A.   Counterfeiters and Infringers Such as the Defaulting Defendants Coordinate and Use Multiple Methods to Evade Detection and Accountability for Their Illegal Activities ............ 2

      1.   Defendants Use Websites Dedicated to Giving Counterfeiters Early Warning When Lawsuits Are Filed to Warn Each Other to Remove and Destroy Evidence of the Infringement ............................................................................................................. 2

      2.   Plaintiff and Plaintiff's Counsel Have Been Previously Targeted by These Websites .. 5

      3.   Defendants Use Dedicated Chat Rooms to Share Their Resources for Avoiding Detection and Prosecution ..................................................................................... 9

      4.   The Counterfeiting Websites Are Watching This District Closely and Quickly Alert Sellers About the Cases Filed Before Plaintiffs Can Obtain Injunctive Relief ................... 12

III.  ARGUMENT ............................................................................................... 16

   A.   Exceptional Circumstances Exist in This Case that Warrant Allowing Plaintiff to Proceed Anonymously .................................................................................... 17

IV.  CONCLUSION ............................................................................................. 19

## Table of Authorities

**Cases**

*Doe v. Frank*,
   951 F.2d 320 (11th Cir. 1992) ................................................................................. 17

*Frank Foe v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A,* Case No. 1:23-cv-23228,
   (Sd. Fla. Aug. 30, 2023)........................................................................................19

*In re: Chiquita Brands Int'l, Inc.,*
   965 F.3d 1238, 1247 (11th Cir. 2020 ...................................................................... 17

*Paul Poe v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Case No. 1:23-cv-21268,
   (SD. Fla)............................................................................................................. 19

*Plaintiff B v. Francis,*
   631 F.3d 1310, 1315(11th Cir. 2011) ...................................................................... 17

*Rights Holder v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A,* Case No. 1:23-cv-22461,
   (Sd. Fla. Nov. 30, 2023)...................................................................................18, 19

*S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,*
   599 F.2d 707 (5th Cir. 1979) ................................................................................. 19

*XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Case No. 1:20-cv-07229,
   (ND. Ill.) ........................................................................................................... 19

*XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Case No. 1:20-cv-07258,
   (ND. Ill.) ........................................................................................................... 19

*XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Case No. 1:20-cv-07307
   (ND. Ill.)............................................................................................................ 19

*XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Case No. 1:20-cv-07357,
   (ND. Ill.)............................................................................................................ 19

*XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Case No. 1:20-cv-07418,
   (ND. Ill.)............................................................................................................ 19

*XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Case No. 1:20-cv-07480,
   (ND. Ill.)............................................................................................................ 19

*XYZ Limited v. The Partnerships and Unincorporated Associations Identified on Schedule A;*
Case No. 1:23-cv-22219,

    (SD. Fla.) ......................................................................................................................... 19

**Other**

    Federal Rule of Civil Procedure 10(a) ......................................................................... 17

Plaintiff R.W. ("R.W." or "Plaintiff") by and through her undersigned counsel, hereby moves this Honorable Court for leave to temporarily proceed under a pseudonym until such time as Defendants are on notice of the action, and in support states as follows:

## I.   INTRODUCTION

Plaintiff filed her Complaint for willful copyright infringement and piracy against the Defendants identified on Schedule "A" to the Complaint (collectively "Defendants") on March 17, 2025. (DE 1). In this action, Plaintiff is requesting temporary *ex parte* relief based on her claims of copyright infringement and piracy. Plaintiff is also filing an *Ex Parte* Motion for Entry of Temporary Restraining Order ("Motion for TRO"), and *Ex* Parte Motion for an Order Authorizing Alternate Service of Process on Defendants ("Motion for Alternate Service"), along with the accompanying supporting declarations, and exhibits for each.[1]

Plaintiff is requesting that she be allowed to proceed under a pseudonym until the *ex parte* relief can be effectuated, as identifying the Plaintiff at this time will result in a frustration of the litigation process and will leave Plaintiff without remedy for her injury. As Plaintiff will show, exceptional circumstances exist in this case, which should permit Plaintiff to proceed anonymously until such time as the *ex parte* relief is effectuated. Once the Temporary Restraining Order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to reveal her true identity and unseal these documents.

## II.   EXCEPTIONAL CIRCUMSTANCES

In this action, unless Plaintiff is allowed to proceed under pseudonym, Defendants will be able to discern the intellectual property that is at issue in this action, and with this knowledge, will be capable of evading detection and prosecution for their disregard of United States

---

[1] Plaintiff plans to file a Motion for Leave to File Certain Documents under Seal to include the Motion for TRO.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

intellectual property laws. Third parties routinely work in concert with accused counterfeiters in an effort to facilitate evading enforcement efforts. Declaration of Joel B. Rothman filed concurrently herewith ("Rothman Decl.") ¶ 13. Copyright piracy, counterfeiting, and infringement lawsuits like this one are closely monitored by Chinese defendants on websites dedicated to helping counterfeiters evade detection and avoid prosecution. (Rothman Decl. ¶ 11).

Allowing Plaintiff to obscure her real name is critical to preventing Defendants from prematurely receiving notice of Plaintiff's investigation into the operation of their illegal businesses. In light of the illicit nature of the infringing business and the ability of infringers to practically eliminate their evidentiary trails by conducting their business entirely over the Internet, there is good reason to believe that providing advance notification of Plaintiff's claims would cause Defendants to hide or transfer their ill-gotten assets, inventory, and related records beyond the jurisdiction of this Court and thereby thwart the Court's ability to grant meaningful relief. (Rothman Decl. ¶ 31). Once the temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will promptly move to name the defendants and unseal these documents.

    **A.**    **Counterfeiters and Infringers Such as the Defaulting Defendants Coordinate and Use Multiple Methods to Evade Detection and Accountability for Their Illegal Activities**

The evidence shows that the Defendants in this case are infringers who violate the intellectual property rights of others and coordinate and cooperate to commit illegal acts to avoid detection and prosecution.

    **1.**    **Defendants Use Websites Dedicated to Giving Counterfeiters Early Warning When Lawsuits Are Filed to Warn Each Other to Remove and Destroy Evidence of the Infringement**

Counterfeiting is an inherently deceptive business. Counterfeiters and third parties routinely work in concert in an effort to facilitate evading enforcement efforts. (Rothman Decl. ¶

7). Copyright piracy, counterfeiting, and infringement lawsuits like this one are closely monitored by Chinese defendants on websites like www.sellerdefense.cn, www.worldtro.com, www.amz123.com, www.away-sp.com, www.maijiazhichi.com, on social media (QQ, WeChat, etc.), and elsewhere on the internet. (Rothman Decl. ¶ 11). These websites learn that an intellectual property owner has filed a lawsuit, announce this activity on their webpages, post the identity of the plaintiff, the intellectual property involved in the case, the Complaint and all other public pleadings, and often the entire sealed Schedule A for a case, and warn sellers to quickly drain their marketplace accounts, clean out their money transfer accounts, change their usernames, and hide their identities to avoid being caught. (Rothman Decl. ¶ 12).

Counterfeiters use websites like SellerDefense, SellerGuard, and Maijia to coordinate efforts to evade detection. (Rothman Decl. ¶ 15). For example, on July 4, 2023, while another case Plaintiff's counsel was handling was still under seal, Seller Guard posted an article announcing the lawsuit, explaining that a seller had emailed to alert them of it, and providing the details of the case to all. (*Id.*, Ex. 1). See Figure 1 below.



front page › Cross-border headlines › **text**

## 【TRO 23-cv-21753】1057 stores sued! Another case involving trademarks and 40 copyrighted images filed by individual painters represented by Sriplaw

For the network   + focus on

We specialize in providing intellectual property assistance, litigation disputes, platform appeal disputes and rights protection for Chinese cross-border sellers, as well as all cross-border e-commerce dispute...

685
2023-07-04 03:21

This morning, Xiaowei received an email from a seller in the backend. The case number involved was 23-cv-21753. After checking, it turned out that Starla Michelle, a personal painter represented by Sriplaw in 2022, once again initiated trademark and copyright protection! As many as 1,057 stores were sued! Below are the details of the case.

Figure 1. https://www.amz123.com/t/KBJS1Fxr (last visited August 8, 2024).

Website "Maijia" provides a real-time tracker for counterfeiting cases and plainly tells its followers: "If there is any infringement, you can withdraw money and investigate and deal with it before the store is frozen to reduce losses." (Rothman Decl. ¶ 16, Ex. 2). See Figure 2 below.



Figure 2. https://case.maijiazhichi.com/trolist (last visited August 8, 2024).

"SellerDefense," perhaps the largest of these counterfeiting resource websites, posts case details and encourages sellers selling counterfeits to take down their listings to avoid detection and destroy evidence of the infringement. (Rothman Decl. ¶ 12).  These posts garner hundreds, even thousands of views within days. One of counsel's prior cases,[2] for example, was filed on May 12, 2023, and by May 16, 2023, SellerDefense had posted all of the case details including the plaintiff's name and the copyrighted works at issue. (Rothman Decl. ¶ 18). By May 29, 2023,

---

[2] *Vincent Trinidad v. The Individuals, P'ships, and Unincorporated Assn's on Schedule "A,"* SD. Fla. case no. 23-cv-21791.

before the court had even ruled on plaintiff's TRO motion, the SellerDefense post had 1,034 views.[3] *See* "SRIPLAW Represented Filipino Illustrators in a Case Involving 110 Copyrighted Works with Japanese Retro Elements!" citing S.D. Fla. case No. 23-cv-21791 accessible at https://sellerdefense.cn/vincent-trinidad0516-2/  (last visited August 12, 2024). *Id*.

Websites like SellerDefense encourage counterfeiters to drain their accounts when a lawsuit is filed in order to limit a plaintiff's recovery once the account is restrained. Rothman Decl. ¶ 19. In Figure 3 below, SellerDefense tells sellers infringing photographer Mark Gemmel's copyrights to "HURRY UP TO CHECK AND WITHDRAW THE MONEY!" *Id*., Ex. 3.



Figure 3. https://sellerdefense.cn/mark-gemmell0523/ (last visited August 8, 2024).

**2. Plaintiff and Plaintiff's Counsel Have Been Previously Targeted by These Websites**

---

[3] As of August 12, 2024, the SellerDefense post has 3,231 views. Rothman Decl. ¶ 18.

The Plaintiff in this case has not been spared. The details of Plaintiff's prior counterfeiting case filed in 2024 were posted on the SellerDefense website, garnering 946 views as of February 24, 2025. SellerDefense listed all the details of Plaintiff's intellectual property, an image of the Copyright Registration, copies of the Work, and an example of the infringement. (Rothman Decl. ¶ 20, Ex. 4). See Figure 4 below.



Figure 4. https://sellerdefense.cn/[REDACTED] (last visited February 24, 2025).

A Chinese News website known for publishing recently filed counterfeiting cases announced Plaintiff's lawsuit as well, telling the infringers: "Merchants should immediately conduct self-inspection…If products with potential infringement risks are found, they should be removed from the shelves in a timely manner." (Rothman Decl. ¶ 21, Ex. 5). See Figure 5 below.

6



Figure 5. https://news.qq.com/[REDACTED] (last visited February 24, 2025).

Furthermore, undersigned counsel's counterfeiting and intellectual property infringement cases are among those that are flagged by websites like SellerDefense and SellerGuard who, within days of filing, post the case details and warn counterfeiters and infringers to remove evidence of their infringement, drain their marketplace and money transfer accounts, and hide their identities to avoid being caught. (Rothman Decl. ¶ 22).

For example, SellerGuard announced a lawsuit filed by Plaintiff's counsel just days after its filing, instructing sellers: "If your e-commerce friends have product descriptions or patterns

similar to the above, please remove the relevant products from the shelves as soon as possible to avoid being sued." (Rothman Decl. ¶ 23., Ex. 6). See Figure 6 below.



Plaintiff: International Watchman, Inc

**Plaintiff's trademark: NATO Watches**

Plaintiff Firm: Sriplaw

Case Number: 22-CV-24034

Plaintiff, International Watchman, IncIt is a manufacturer and distributor of watches, straps, bracelets and other watch spare parts and accessories. The company's official website is: https://internationalwatchman.com. The following picture is a screenshot of the product on the official website

If your e-commerce friends have the above similar product descriptions or patterns, please remove the relevant products from the shelves as soon as possible to avoid being sued.

Figure 6. https://www.amz123.com/t/AtMIzIPV (last visited August 8, 2024).

Another of the undersigned counsel's cases[4] was announced on website World TRO, alerting infringers and encouraging them to join chat groups and discuss their activities, as can be

---

[4] *Jon Q. Wright and JQ Licensing, LLC. v. The Individuals, P'ships, and Unincorporated Assn's on Schedule "A,"* SD. Fla. case no. 23-cv-24437.

seen in Figure 8, infra. And a recent case filed by Plaintiff's counsel in this District appeared in multiple websites *the same day* the plaintiff's true identity was revealed by the court in a Minute Entry. *See* pages 14-17, infra. The Chinese websites are clearly watching cases filed by Plaintiff's counsel in order to quickly alert the infringers so they can escape prosecution.

### 3. Defendants Use Dedicated Chat Rooms to Share Their Resources for Avoiding Detection and Prosecution

Indeed, these websites assist infringers and encourage them to work together. They provide chat rooms on both QQ.com and WeChat and encourage sellers to communicate with them and with each other, as shown below in Figure 7. (Rothman Decl. ¶ 24, Ex. 7).



**contact us**

You can join the SellerDefense group for discussion: QQ18 group: 623673784 ( **If you have already joined other groups, you don't need to join again** )

Or visit our SellerDefense official website to check the latest news: https://sellerdefense.cn/

SellerDefense US trademark registration, the lowest price in the market, if you need brand registration, please contact us as soon as possible!

Sellers who have been frozen are welcome to contact us as soon as possible. We have experience in handling over 8,000 cases. Long press and scan the QR code below to add us as a friend. We will provide the most professional **free** consulting services in all aspects for different cases.

Figure 7. https://sellerdefense.cn/bala-bangles-1009/ (last visited August 8, 2024).

Other online platforms such as Away-sp,[5] Seller Guard[6] and World TRO[7] also facilitate chat groups with their own services as well as with thousands of other like-minded individuals. (Rothman Decl. ¶ 25). In the World TRO post alerting infringers to a lawsuit filed by Plaintiff's counsel, the page provides a WhatsApp group number and a "10000 person WeChat group" that these sellers can join to discuss their activities. In addition, World TRO provides the WeChat

---

[5] Accessible at https://away-sp.com (Last visited May 7, 2024).
[6] Accessible at https://www.amz123.com/author-78498 (last visited August 8, 2024).
[7] Accessible at https://www.worldtro.com/ (last visited August 8, 2024).

address for sellers to follow the Maijia real-time tracker discussed above, and asks that sellers link back to their page when they share the information. (*Id*., Ex. 8). See Figure 8.



Figure 8. https://www.worldtro.com/archives/31308 (last visited August 8, 2024).

The screenshot below in Figure 9 shows that Away-sp.com provides a QR code and We Chat communication codes, even advertising "service hours" as 24/7. (Rothman Decl. ¶ 26, Ex. 9).



Figure 9. http://www.away-sp.com/Infringing-material/Case-summary/2024case/index.html (last visited August 8, 2024.)



**(English translation of selection)**

Sellers who infringe the intellectual property of others in order to sell counterfeit and infringing goods, such as the Defendants in this case, actively work together and with the help of third-party websites to undertake activity designed to frustrate a plaintiff's efforts to prosecute their action and collect any potential judgment entered against the Defendants. Plaintiff in this action has been specifically targeted and discussed by counterfeiters and these websites who have no doubt facilitated the avoidance of consequences for Defendants in this case. Having the

11

Plaintiff proceed as a pseudonym is critical to preserve any possibility of redress of harm to Plaintiff. If only certain documents were filed under seal, but the Plaintiff's name was publicized, Defendants would be able to search the Plaintiff to find out and/or already know the brand at issue of the intellectual property claims. Thus, it is imperative, and exceptional circumstances exist, to allow Plaintiff to temporarily proceed under a pseudonym.

### 4. The Counterfeiting Websites Are Watching This District Closely and Quickly Alert Sellers About the Cases Filed Before Plaintiffs Can Obtain Injunctive Relief

The aforementioned websites keep a close eye on cases filed in certain districts including this Judicial District, posting about them within days, sometimes even *the same day* as their appearance on the docket.[8] Plaintiffs have no chance at obtaining an order for injunctive relief much less having the relief implemented. As previously mentioned, some websites like Maijia even have a real-time tracker of Schedule A cases filed where sellers can see every case filed and the corresponding docket within a day or two of its filing, as seen below.

| # | Date | Case ID | Plaintiff | stat | Plaintiff Law Fir | Plaintiff Brand |
|---|------|---------|-----------|------|-------------------|-----------------|
| 33 | 12/05/2024 | 2024-cv-24752 | DG | FL | Sriplaw | Anonymous Copyright |
| 34 | 12/05/2024 | 2024-cv-12519 | Michael Salcedo | IL | Arenberg Goldg ehn Davis & Gar misa | Alphabet Lore |
| 35 | 12/05/2024 | 2024-cv-12523 | Wham-O Holding, Ltd. et al | IL | Nixon Peabody L LP | Frisbee |
| 36 | 12/05/2024 | 2024-cv-12524 | Pleson (HK) Technolog y Limited | IL | Aptum Law | Sealing patent |
| 37 | 12/04/2024 | 2024-cv-12341 | DPG USA Inc. | IL | AVEK IP, LLC | Spool Patent |
| 38 | 12/04/2024 | 2024-cv-62283 | XYZ Corporation | FL | Feldenkrais Law, PA | Anonymous Pate nt |
| 39 | 12/04/2024 | 2024-cv-62284 | XYZ Corporation | FL | Feldenkrais Law, PA | Anonymous Pate nt |

Maijia tracker at https://case.maijiazhichi.com/trolist (last visited December 9, 2024).

---

[8] *See, e.g.*, S.D. Fla. case No. 23-cv-21791 filed May 12, 2023 and posted on May 16, 2023 at https://sellerdefense.cn/vincent-trinidad0516-2/; ILND Case No. 24-cv-12406 filed December 3, 2024 and posted the following day at https://sellerdefense.cn/weirdwatercolours-ltd-1204/; ILND Case No. 24-cv-12355 filed December 2, 2024 and posted the following day at https://sellerdefense.cn/abraham-hunter1203/.

Maijia and the other websites reveal case details with lightning speed. For example, plaintiff's counsel recently filed a case for another client,[9] and recognizing the popularity of the intellectual property at issue and the limited marketplaces that would be affected, moved the court for leave to proceed under pseudonym. The court denied plaintiff's motion on November 26, 2024, and in its Minute Entry revealed plaintiff's true identity.[10] *That same day*, Seller Defense posted all the case details including the intellectual property at issue. *See* "Anonymous case exposed! Battle Royale Golf golf set trademark + copyright dual rights protection!" citing ILND case No. 24-cv-11969 accessible at https://sellerdefense.cn/battle-royale-golf1126/ (last visited December 4, 2024). (Rothman Decl. ¶ 28).

Another website, Global Shield, posted the case details two days later, advising sellers that there was still time to drain their accounts and remove the evidence of their infringement, as can be seen in Figure 10 below. (Rothman Decl. ¶ 29, Ex. 10).

---

[9] *Collis ECommerce Ltd. v. The Individuals, P'ships, and Unincorporated Assn's on Schedule "A,"* ILND Case No. 1:24-cv-11969.
[10] Dkt. No. 15 entered November 26, 2024.



**【24-cv-11896】 Golf set TRO trademark copyright dual rights protection, sellers please choose products carefully! Account funds have not been frozen!**

Release date: 2024-11-28 21:53     Views: 765

**Battle Royale Golf Set**

SRIPLAW, PA, a law firm, filed a lawsuit on behalf of Battle Royale Golf in the Northern District of Illinois on November 19, 2024, case 24-cv-11896, involving trademark and copyright infringement. Saibei recommends sellers on platforms such as Amazon, Walmart, Alibaba International, eBay, and Temu to quickly check their store links and remove them in time to reduce losses.

Figure 10. https://www.qqdip.com/article/xinwenzixun/1569.html (last visited December 4, 2024.)

Yet another website, Yuguo, announced the case three days after the court's ruling. Rather than telling sellers to stop using the plaintiff's trademark, their post tells sellers to continue to use the plaintiff's trademark "with caution." (Rothman Decl. ¶ 30, Ex. 11). See Figure 11 below.

14



# 24-cv-11896, TRO new case anonymously di smissed! BATTLE ROYALE GOLF is defending its rights

 **Mai Xiaotian talks about copyright infringement**   ✔ Observer        2024-11-29 13:28
Focus on providing TRO settlement, response and rights protection services for cross-bor...

[ US patent application starting from 1999 yuan ]
**Free patent infringement search, order from Tmall store!** Consult now! >>

> This case is an anonymous rights protection case initiated by SRIPLAW law fir
> m on November 19. The anonymous lawsuit was dismissed by the court. Mai
> Jia supported the discovery through search that the brand owner COLLIS EC
> OMMERCE LTD was mainly targeting its BATTLE ROYALE GOLF trademark reg
> istered in the United States and the copyright obtained through transfer.

This case was an anonymous rights protection case initiated by SRIPLAW Law Firm on November 19. The anonymous lawsuit was rejected by the court. Mai Jia supported the search and found that the brand owner COLLIS ECOMMERCE LTD mainly targeted its BATTLE ROYALE GOLF trademark registered in the United States and the copyright obtained through transfer. However, the BATTLE ROYALE GOLF trademark is under application and has not been approved yet, but there is still a certain risk of TRO freezing when using it. Cross-border sellers should use it with caution. It is recommended to check it quickly!



Figure 11. https://www.cifnews.com/article/168043 (last visited December 4, 2024.)

With so many different websites watching the District's docket and ready to post the

details of Plaintiff's case so that defendants can be forewarned well in advance of any court-

ordered TRO, Plaintiff does not stand a chance at obtaining the equitable relief it needs, much

less any monetary relief that Plaintiff may be entitled to. Defendants will destroy evidence and

transfer away ill-gotten funds. It is therefore crucial that Plaintiff be able to temporarily proceed under a pseudonym.

## III.    ARGUMENT

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties[.]" See also *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) ("'Generally, parties to a lawsuit must identify themselves' in the pleadings." (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). Rule 10(a) "does not merely further administrative convenience—'[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" Id. (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315(11th Cir. 2011)). But this rule is not absolute; a party may proceed under a pseudonym "only in 'exceptional case[s].'" *Id*. (alteration in original) (quoting *Frank*, 951 F.2d at 323).

The Eleventh Circuit has established a totality-of-the-circumstances test to determine whether a plaintiff may proceed anonymously. *Id*. at 1247 n.5. The plaintiff must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315-16). The court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*. (quoting *Plaintiff B*, 631 F.3d at 1316). The first step is three prongs: whether the plaintiff "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id*. (citing *Plaintiff B*, 631 F.3d at 1316). Two other factors to consider include whether the plaintiff "faces a real threat of physical harm absent anonymity" and whether the plaintiff's "requested

16

anonymity poses a unique threat of fundamental unfairness to the defendant." *Id*. (citations omitted). Here, regarding the first step, none of the three prongs apply. This suit does not involve government activity or Plaintiff's illegal conduct. Nor can it be said that Plaintiff's disclosure of her real name in this copyright suit constitutes "information of utmost intimacy," which generally involves issues of birth control, abortion, homosexuality, welfare rights of illegitimate children or abandoned families, personal religious beliefs, and some cases of explicit sexual conduct. See *Plaintiff B*, 631 F.3d at 1316, 1317; *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). It is also undisputed that Plaintiff faces no threat of physical harm absent anonymity.

The last express factor is whether anonymity results in a "unique threat of fundamental unfairness" to Defendants. See *In re: Chiquita Brands Int'l, Inc*., 965 F.3d at 1247. For example, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n*, 599 F.2d at 713. Here, there is no threat of fundamental unfairness to Defendants in allowing Plaintiff to temporarily proceed under a pseudonym. To the contrary, it is Plaintiff that potentially suffers economic harm and damage by allowing Defendants—whose personal identities are essentially unknown—to become aware of Plaintiff's identity early enough to allow them to destroy online evidence or evade prosecution.

## A. Exceptional Circumstances Exist in This Case that Warrant Allowing Plaintiff to Proceed Anonymously

Courts, including the Southern District of Florida, have previously found exceptional circumstances exist and allowed plaintiffs in similar intellectual property infringement cases to proceed anonymously. See *Rights Holder v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A*, Southern District of Florida, Case No. 1:23-cv-22461;

*Frank Foe v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule A,* Southern District of Florida, Case No. 1:23-cv-23228; *Paul Poe v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Southern District of Florida, Case No. 1:23-cv-21268; *XYZ Limited v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Southern District of Florida, Case No. 1:23-cv-22219; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07480; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A; Northern District of Illinois*, Case No. 1:20-cv-07418; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07357; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07307; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07258; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07229.

Allowing Plaintiff to proceed anonymously will not harm the public interest and the Defendants will not be prejudiced if the Court allows Plaintiff to proceed anonymously. Plaintiff is not seeking to hide her identity from the Defendants indefinitely. Rather, Plaintiff seeks only to proceed anonymously on a temporary basis and intends to make her identity public after the Defendants have been served.

While Plaintiff appreciates the paramount importance of publicly conducting judicial proceedings, Plaintiff's privacy right at this early stage of the litigation outweighs the need for Defendants and the public to be aware of Plaintiff's identity. Plaintiff is a U.S. based artist,

whose works are licensed and sold in Florida and all-over the United States. If Plaintiff's identity is known, Defendants will undertake activity designed to frustrate Plaintiff's efforts to prosecute this action and collect any potential judgment entered against the Defendants. This assertion is based upon Plaintiff's counsel's previous and current experience in cases involving analogous facts. Specifically, such activity will likely include, without limitation, Defendants: (a) blocking access to their sites in the United States so that rights-holders are unable to view the Defendants' online postings and therefore unable to gather important evidence; (b) closing their Defendant Internet Stores and opening up new online stores with new registration and account information in order to evade the action; and (c) transferring assets from their financial accounts, closing those accounts, and reopening new financial accounts so as to avoid asset restraints, leaving Plaintiff without remedy.

Once the Court has ruled upon Plaintiff's *Ex Parte* Application for TRO, and the TRO has been effectuated by third-parties, Plaintiff will add her name to the docket and request that all previously sealed documents be unsealed. However, at this early stage, and because a foreign entity is monitoring the filings of Schedule A Cases to aid intellectual property infringers in evading prosecution, Plaintiff should be allowed to temporarily proceed under a pseudonym in the public filings that would disclose her identity and the identities of the Defendants.

## IV.    CONCLUSION

In view of the foregoing, Plaintiff respectfully requests this Court grant her Motion for Leave to Temporarily Proceed Under a Pseudonym, at least until such time as the Defendants' Seller IDs and financial accounts can be restrained, in order to further mitigate the risk of Defendants attempting to evade Plaintiff's present anti-counterfeiting and anti-pirating efforts.

DATED: March 26, 2025                              Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com
RACHEL I. KAMINETZKY
Florida Bar Number: 1059614
Rachel.kaminetzky@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff R.W.*